UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZOE T.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. 3:19-cv-05268

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of supplemental security income ("SSI") benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court affirms Defendant's decision to deny benefits.

I.    <u>ISSUES FOR REVIEW</u>

1. Did the ALJ properly evaluate Plaintiff's symptom testimony?
2. Did the ALJ err in evaluating an opinion from Plaintiff's therapist?

II.    <u>BACKGROUND</u>

On January 11, 2016, Plaintiff filed an application for SSI, alleging a disability onset date of August 27, 2012. AR 15, 151-57. Plaintiff subsequently amended the alleged onset date to January 11, 2016. AR 15, 40. Plaintiff's application was denied

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 1

1  upon initial administrative review and on reconsideration. AR 15, 85-88, 92-94. A

2  hearing was held before Administrative Law Judge ("ALJ") S. Andrew Grace on January

3  9, 2018. AR 37-55. On May 11, 2018, the ALJ issued a written decision finding that

4  Plaintiff was not disabled. AR 12-27. The Social Security Appeals Council denied

5  Plaintiff's request for review on February 13, 2019. AR 1-6.

6        On April 16, 2019, Plaintiff filed a complaint in this Court seeking judicial review

7  of the ALJ's written decision. Dkt. 4.

8        III.    STANDARD OF REVIEW

9        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

10  denial of social security benefits if the ALJ's findings are based on legal error or not

11  supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

12  F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

13  reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

14  *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

15        IV.    DISCUSSION

16        In this case, the ALJ found that Plaintiff had the severe, medically determinable

17  impairments of major depressive disorder, panic disorder, gender dysphoria, post-

18  traumatic stress disorder ("PTSD"), diabetes mellitus, and obesity. AR 17. The ALJ also

19  found that Plaintiff had the non-severe impairments of hyperlipidemia, acute leg

20  laceration, and a history of alcohol abuse, and the non-medically determinable

21  impairment of attention deficit hyperactivity disorder ("ADHD"). AR 17-18.

22        Based on the limitations stemming from these impairments, the ALJ found that

23  Plaintiff could perform a reduced range of medium work. AR 20. Relying on vocational

24  expert ("VE") testimony, the ALJ found that while Plaintiff could not perform past work,

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 2

they could perform other medium, unskilled jobs at step five of the sequential evaluation; therefore, the ALJ determined at step five that Plaintiff was not disabled. AR 25-26, 52-53.

        A.   <u>Whether the ALJ erred in evaluating Plaintiff's testimony</u>

Plaintiff contends that the ALJ did not provide clear and convincing reasons for discounting Plaintiff's symptom testimony concerning mental health impairments. Dkt. 10, pp. 2-9. The ALJ provided a clear and convincing reason for discounting Plaintiff's allegations concerning anxiety symptoms. *See Valentine v. Astrue*, 574 F.3d 685, 693 (9th Cir. 2009) (the ALJ properly discounted claimant's credibility because his daily activities suggested his claims about the severity of his limitations were exaggerated); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (in making a credibility determination, an ALJ may consider inconsistencies between a claimant's testimony and conduct).

At step two of the sequential evaluation, the ALJ found that Plaintiff's ADHD, the primary cause of attention and concentration deficits, was not a medically determinable impairment, a finding that Plaintiff does not challenge. AR 17.

Even if the ALJ erred at step two or in evaluating Plaintiff's testimony with respect to ADHD, any error would be harmless, since there is nothing to indicate that Plaintiff's ADHD would impose functional limitations beyond those already contained in the residual functional capacity, which includes restrictions related to Plaintiff's concentration deficits. AR 20; *see Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (noting that harmless error principles apply in the Social Security context).

In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

Plaintiff testified about symptoms of anxiety and depression, difficulty getting out of bed and performing daily functions, and struggles with social interaction. AR 42-43, 49-50. Plaintiff stated the anxiety is triggered by loud noises, especially sudden loud noises, and testified that sometimes just preparing for physician appointments intensifies the anxiety. AR 44, 47. Plaintiff testified about panic attacks about once a week, which can last for as long as two days – and during this time Plaintiff tends to "shut down entirely." AR 50.

Plaintiff stated isolation is their response to these symptoms, and as a result, Plaintiff has few friends, does not go out in public or attend social gatherings, and no longer attends festivals or music concerts due to fear that people will get close physically and possibly collide with Plaintiff. AR 202-03.

Plaintiff testified to difficulties with concentration due to ADHD, and stated that attention will hold for between five and ten minutes, Plaintiff starts but does not typically finish tasks, and sometimes has difficulty following instructions. AR 202, 724-25.

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 4

In discounting Plaintiff's allegations, the ALJ reasoned that: (1) Plaintiff's self-reported activities of daily living are inconsistent with their alleged difficulties going out in public, being in crowds, and interacting with strangers; (2) Plaintiff's allegations concerning ability to maintain attention and concentrate are inconsistent with the medical record; (3) while Plaintiff experienced acute exacerbations of mental health symptoms, these were limited in duration, and improved with medication and counseling; and (4) Plaintiff's heavy caffeine consumption indicates anxiety symptoms were less severe than alleged. AR 21-23.

With respect to the ALJ's first reason, an ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999).

However, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir.1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).

Here, the ALJ found that despite these allegations, Plaintiff was able to go the gym and attend yoga classes up to 5 days a week, for between 5 and 10 hours per week. AR 21, 333-34, 784. The ALJ also noted that Plaintiff has multiple friends and interacts with them regularly; Plaintiff also expressed interest in becoming a ride share driver, which would presumably require daily interaction with strangers. AR 21-22, 308, 327, 545. The ALJ further noted that Plaintiff did not express any concerns about how

working as a ride share driver might impact their anxiety symptoms, and instead stated that the primary impediment to becoming a ride share driver was an inability to make a down payment on a car. AR 21-22, 308.

The ALJ found that Plaintiff's testimony about discomfort in crowds was inconsistent with attendance at large gatherings during the period at issue, including two music concerts. AR 22, 428, 642, 651, 654-55.

In citing the disparity between Plaintiff's self-reported activities of daily living and assertions of anxiety symptoms, the ALJ has provided a clear and convincing reason for discounting Plaintiff's testimony. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190,1196 (9th Cir. 2004) (An ALJ may discount a claimant's symptom allegations by pointing to "contradictions in the claimant's own testimony about [her] activities of daily living."); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (noting that an ALJ may cite a claimant's activities of daily living as a reason for discounting symptom testimony when the claimant's participation in those activities contradict the claimant's other testimony).

Plaintiff's testimony about social isolation, as well as few friendships, an inability to be around loud noises, and an inability to participate in live festivals and concerts, is inconsistent with Plaintiff's statements elsewhere in the record. The record contains information showing that Plaintiff has multiple friends, goes to gym and yoga sessions on a regular basis, attends loud, crowded social gatherings such as music concerts and the state fair, and is interested in working as a ride share driver.

With respect to the Plaintiff's allegations concerning difficulties with attention and concentration stemming from ADHD, the ALJ found these allegations were inconsistent with Plaintiff's statements about maintaining attention and concentration for many hours

while watching television and playing Xbox, and taking prescribed medication, Ritalin, as needed when extra concentration would seem to be required. AR 22, 605, 725.

The ALJ provided additional reasons for discounting Plaintiff's testimony concerning Plaintiff's mental impairments, but the Court need not assess whether these reasons were proper, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

B.  Whether the ALJ erred in evaluating an opinion from Plaintiff's therapist

Plaintiff maintains that the ALJ erred in evaluating an opinion from Clinical Therapist Gina Hicks, MSW. Dkt. 10, pp. 9-10.

When evaluating opinions from non-acceptable medical sources such as a therapist, an ALJ may expressly disregard such lay testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. § 416.902.

On October 11, 2017, Ms. Hicks offered an opinion concerning Plaintiff's work-related mental limitations. AR 808-11. Ms. Hicks discussed Plaintiff's anxiety and concentration deficits, and opined that Plaintiff's mental impairments would cause an inability to perform a range of work-related mental activities on a regular, reliable, sustained schedule, or perform other activities without being off task more than 20 percent of the workday. *Id.*

The ALJ assigned "partial weight" to Ms. Hicks' opinion, reasoning that it was inconsistent with the longitudinal medical record, which indicates that Plaintiff's mental health impairments improved with medication and counseling. AR 24.

In citing the inconsistency of Ms. Hicks' opinion with the medical record, the ALJ's reason is germane. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (explaining that the ALJ may reject lay witness evidence that is inconsistent with the medical evidence); *see also Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision).

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ's decision finding Plaintiff to be not disabled is based on substantial evidence, and was not erroneous under the law. Defendant's decision to deny benefits is therefore AFFIRMED.

Dated this 15th day of September, 2020.

Theresa L. Fricke
United States Magistrate Judge